UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEMARCO TEMPO,

          Petitioner,          CASE NO. 2:19-cv-12928

      v.                     HON. GEORGE CARAM STEEH

UNITED STATES,

          Respondent.

_____/

## ORDER DISMISSING THIS CASE WITHOUT PREJUDICE AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

This matter has come before the Court on petitioner Demarco

Tempo's pro se "Affidavit of Fact Writ of Habeas Corpus."  (ECF No. 1.)

Petitioner is an inmate at the Federal Detention Center in Milan, Michigan.

He appears to be challenging his recent federal convictions for "various

drug trafficking offenses, including several counts of distribution of a

controlled substance resulting in the serious bodily injury or death of

another person."  See United States v. Tempo, No. 2:16-cr-20414-1, Order

Denying Rule 33 Mot. for New Trial, at 1, ECF No. 756 (E.D. Mich. Nov. 12,

2019).

Petitioner alleges in his "Affidavit of Fact" that:  (1) the court lacked

jurisdiction in his criminal case because there was no lawful indictment; and

(2) the court and Government lacked jurisdiction over the places where the alleged crimes occurred.  (Affidavit of Fact, ECF No. 1, PageID. 1-3.) Petitioner seeks the dismissal of all charges or indictments, immediate release, and the return of all evidence seized.  Id., PageID 11.

On May 9, 2019, petitioner filed a similar "Affidavit of Fact Writ of Habeas Corpus" in his criminal case.  See Tempo, No. 2:16-cr-20414-1, ECF No. 702.  The "Affidavit of Fact" in the criminal case remains pending before the Honorable Sean F. Cox, who presided over petitioner's criminal trial.

"As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Thus, "[t]he filing of multiple federal actions arising out of the same facts is strongly discouraged . . . ."  Twaddle v. Diem, 200 F. App'x 435, 439 (6th Cir. 2006).  When faced with a duplicative suit, a federal court may exercise its discretion to dismiss the suit before it.  Id. at 438.

> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000).

Id.

Here, petitioner is raising the same arguments that he presented to Judge Cox in his criminal case. He has no right to maintain a duplicative action on the same subject against the same defendant at the same time.

Furthermore, "[i]t would be inappropriate for this Court to issue any order which could affect or interfere with another judge's handling of a case on his or her docket." Al-Ansi v. Obama, 647 F. Supp. 2d 1, 13 (D. D.C. 2009). For this reason, the Court may not grant the requested relief, namely, dismissal of the criminal charges or indictment, release from custody, and a return of evidence.

Accordingly, the Court summarily DISMISSES petitioner's "Affidavit of Fact" (ECF No. 1) without prejudice. The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Therefore, petitioner may not proceed in forma pauperis in the Court of Appeals if he chooses to appeal this decision.

Dated: November 19, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 19, 2019, by electronic and/or ordinary mail and also on Demarco Tempo #54725039, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk